## THOMPSON, Assignee, v. GLENN, *et al.*

M. sold and conveyed certain premises, then under lease to G. and S., to T., and subsequently *for the purpose of delivering possession* (as shown by the record), gave notice to the tenants to quit. *Held*, that the lessor had not parted with her entire interest by such sale, but retained possession, which was sufficient interest to entitle her to give the necessary notice to quit.

Certiorari.

Opinion delivered Feb. 15, 1874, by

Green, J. This is a proceeding to obtain possession of demised property under the landlord and tenant act of 1863. The defendants have removed the proceedings by certiorari into this court, and a number of exceptions have been filed and argued.

The first exception sets forth that the demise was from E. A. Miller to James Glenn and Charles A. Glenn, and that the notice to quit was not so directed, but to James Glenn & Son, and was served only on James Glenn.

But it is not alleged that Charles A. Glenn is not the son of James Glenn. Further, the record shows that they were joint tenants. Being joint tenants, a notice to one was a notice to the other, and a service upon James Glenn was service upon Charles A. Glenn. Macartney *v.* Crick, 5 Espy, 196.

It is to be noticed that the proceedings under this act are to receive the same liberal construction as under the act of 1772, and that there is always a reasonable presumption in favor of their regularity and correctness. Snyder *v.* Carfrey, 4 P. F. Smith, 90. Heritage *v.* Wilfong, 8 P. F. Smith, 137.

The second exception sets forth that there was no demise to James Glenn & Son, as stated in the notice. This exception must fall with the first. It is not claimed that Charles A. Glenn is not the son of James Glenn, and the party indicated in the notice. We cannot think that there is such a fatal variance between the parties named in the lease and in the notice, as to be fatal to their proceedings.

The next two exceptions raise a more serious question. They set forth substantially that the record shows that E. A. Miller had parted with her interest in the property in September, 1872, and that therefore she had no right in December following to give any notice to quit in April, and that Thompson, the assignee and owner, cannot claim the benefit of the notice, because the act was authorized by him and was not done for him or in his name.

' If the record showed that E. A. Miller had parted with her entire interest in the demised premises in September, 1872, so that she no longer had any title or possession or right of possession, then I think that a notice by her, on the 31st of December following, to quit the premises, would be a nullity and of no more validity than if it had been given by an entire stranger. It is true that the wording of the act of 1863 make the lessor, his agents, or attorney, the only proper party to give the notice. But it also makes them the only parties who can institute proceedings to recover possession, and the lessor the only person in whose favor the justice could give judgment of restitution and for damages. According to its wording no one but the original lessor could take the benefit of the act. But by judicial decision that act has been held to authorize the assignee of the lessor to give the notice and institute proceedings, and by a supplement to the act, passed 20th February, 1867, it was expressly made to apply to cases in which the owner of the demised premises has acquired title, either by descent or purchase, from the original lessor.

The act being thus enlarged in its scope by the amendment and by judicial construction, I cannot think that it also enlarged the power or right of the lessor to give notice, where the property had passed out of his hands into that of an assignee. He would still be confined to the notice which the act of 1863 authorized him to give, that is in cases where he is the proper party to institute the proceedings, and the proper party to have judgments of restitution of the premises. This I think would be a reasonable construction of the law. We would naturally suppose that a notice to quit by a person who had ceased to have any interest whatever in the property demised, would be at best a piece of presumption, and that a tenant would not be bound to pay any attention to it. It would constitute a valid defence against the suit of a lessor seeking to recover possession, that his title to the premises has been transferred since the date of the demise. Heritage *v.* Wilfong, 8 P. F. Smith 137. Under the landlord and tenant act of 1872, the proviso gives to the tenant the right of setting up this as a defence against his lessor. And by the supplement, passed in 1867, we think the act of 1863 is assimilated in many of its features to the act of 1772. For these reasons I think that notice by a lessor who has parted with all his interest in the demised premises, is of no validity whatever. It is but proper, however, for me to say that these are my individual views, and not to be taken as the opinion of the court, for the reason that my brother, Walker, who sat with me at the argument, is of opinion that a notice by the lessor would be sufficient, being embraced within the letter of the law.

But does the record show that the lessor had parted with her entire interest in the property? True, it sets forth a deed of conveyance made and executed on the 24th September, 1872, and that she did grant, bar-

gain and sell to the said Thompson. If nothing else appeared, this would be conclusive that all her interest had passed away, and that she had became a stranger to the property. But a further examination of the record shows also that for the purpose of *delivering possession of this property* from herself to Thompson, that she gave the notice to the tenants to quit. The complaint of the assignee sets forth this fact, and the finding of the justice also sets it forth. This being the case, a strong inference arises that the possession of this property still remained in the lessor, to be ended only by the ejection of the tenant and the delivery of actual possession to Thompson, and that the relation of landlord and tenant had not ended on the 31st of December, 1872, when the notice was given. And the fact that the deed was made and executed on the 24th of September previous, is not necessarily inconsistent with this state of facts.

By agreement between the parties, the lessor may still have retained such an interest in the property as would make a notice from her good and valid. If it was part of the agreement between these parties that possession was to remain in the lessor, and that for the purpose of delivering possession to Thompson, the notice was given to quit, and a fair inference arises that such was the fact, then I am of opinion that the lessor was entitled to give the notice, and that the assignee may avail himself of its benefits. It must be remembered that there is always a presumption in favor of the regularity and correctness of such proceedings. Heritage *v.* Wilfong, 8 P. F. Smith 137. Aided by this presumption, I think the record fairly shows that Mrs. Miller still retained sufficient interest in the property after the date of her deed of conveyance, to entitle her to give the necessary notice to quit. This disposes of all the exceptions which have been pressed, and whether the opinion is entertained that the lessor is, under all circumstances, as a proper party to give the notice, or whether the record shows an interest still remaining in her, sufficient to give it, the result we arrive at is the same, and the proceedings must be sustained.

Proceedings affirmed.